We answer this question "Yes," and cite Art. 867, Vernon's Ann.C.C.P.; Kneedler v. State, 131 Tex.Cr.R. 385, 99 S.W.2d 605.

Procedure for trials in the justice and corporation court is found in Title 11 of the Code of Criminal Procedure, Arts. 867 to 878 inclusive relating to corporation courts, and Arts. 879 to 889 inclusive to justice courts.

Art. 869, C.C.P. provides that prosecution in a corporation court shall be conducted by the city attorney or his deputy. We are aware of no statute which requires or permits a city attorney to file an information.

An information is defined in Art. 413, C.C.P. as a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

 It is true that the county attorney may also represent the State in prosecutions in the corporation court, but there is no more reason for him to file an information in the corporation court than in the justice court. It is well settled that an information is not required to be filed in the justice court. 12 Tex.Jur. 832; Ex parte Morales, Tex.Cr.App., 53 S.W. 107; Ex parte Jank, 93 Tex.Cr.R. 88, 245 S.W. 685; Ex parte Nitsche, 75 Tex.Cr.R. 131, 170 S.W. 1101.

Art. 867, C.C.P. provides that proceedings in the corporation court shall be commenced by complaint. An examination of that Article will disclose that the complaint by which prosecutions in the corporation court are commenced is not the same as the affidavit or complaint which supports an information.

The former is required under Art. 867, C.C.P. to begin and conclude in the language prescribed by Art. 5, Sec. 12 of the Constitution of Texas, Vernon's Ann.St., whereas no form is prescribed for the affidavit or complaint upon which an information is filed. Wilkes v. State, 155 Tex. Cr.R. 622, 237 S.W.2d 991.

The judgment remanding appellant to custody is affirmed.

Adolph WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 29344.

Court of Criminal Appeals of Texas.

Dec. 4, 1957.

**588**

No attorney on appeal for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Under an indictment alleging assault with intent to murder with malice, appellant was convicted of assault with intent to murder without malice, and the jury assessed his punishment at three years confinement in the penitentiary.

The record contains no statement of facts and no bills of exception.

The minimum punishment for the offense of which appellant was adjudged guilty is one year in the penitentiary. Art. 1160, Vernon's Ann.P.C.

The sentence is reformed so as to order appellant's confinement in the penitentiary for not less than one year nor more than three years, instead of not less than two years nor more than three years.

As reformed, the judgment is affirmed.